FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW FRANZINO BOLAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAN PACHOLKE, ROBERT HERZOG, ROY GONZALEZ, DONALD HOLBROOK, SHERI HALL, SERGEANT WALKER, J. ROBERTS, and DOUGLAS CARR,<br><br>　　　　Defendants. | NO: 4:16-cv-05129-SAB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>**28 U.S.C. § 1915(g)** |

BEFORE THE COURT are Plaintiff's Second Amended Complaint received on November 21, 2017, ECF No. 29, and a duplicate Second Amended Complaint, save for an additional declaration of service page, received on November 27, 2017, ECF No. 30. Plaintiff also submitted an affidavit prepared by his mother. ECF No. 31. Liberally construing these documents in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to amend his complaint to state a claim upon which relief may be granted.

//

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 1

Plaintiff asserts that he has owned a keyboard with a protective hard case since 2007, while in the custody of the Washington Department of Corrections ("DOC"). ECF No. 29 at 5. He indicates that he has twice, successfully litigated in state courts to retain his keyboard and hard case. *Id.* at 5-6, 7-8. He states that Defendant Douglas Carr, an Assistant Attorney General, represented the DOC and/or DOC facilities in both cases and allegedly made verbal assurances to Plaintiff in 2010 that he would intervene if Plaintiff had any further problems with his keyboard and hard case being taken away. *Id.* at 6, 8.

Plaintiff states that he was transferred to the Washington State Penitentiary ("WSP") in 2015. He indicates there was some confusion regarding the shipment of his keyboard and hard case and that he received a ninety day property disposition notice in October 2015, to send out, donate, or have his keyboard and hard case destroyed. ECF No. 29 at 8-9. Plaintiff indicates he was notified in November 2015 that his keyboard and hard case "could not be located" and /or had been "misplaced." *Id.* at 9. Plaintiff made accusations that property room staff were attempting to steal his property. *Id.* at 10. Plaintiff asserts that on November 12, 2015, he was notified that his keyboard was being sent to him, but without the hard case. *Id.* at 11.

Plaintiff complains that when he requested the hard case to protect his keyboard from damage, Defendant Walker refused, stating that "policy" did not allow hard cases in the WSP. Plaintiff complains that "all WSP offenders have daily access to instrument hard cases in virtually every WSP Unit Music Room, the WSP visiting Room, and all the WSP Chapels." ECF No. 29 at 11. Plaintiff does not allege that inmates are allowed to retain their personal hard cases at WSP.

Plaintiff contends that Defendant Walker, through email correspondence, refused the offer of a Curio Officer to store Plaintiff's hard case in the unit, Plaintiff's suggestion that the hard case be stored in the main property room, and

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 2

Plaintiff's request that he be allowed to exchange the hard case for a soft case with the approved vendor, so that he might not lose all the money he spent on the hard case. ECF No. 29 at 11-12. Plaintiff complains that Defendant Walker failed to notify Plaintiff "how to appeal, tort, and/or grieve his decision(s) in anyway." *Id.* at 12. This does not state a constitutional violation.

Plaintiff complains that in November 2015, he learned that he had "allowed Defendant Walker to string Plaintiff along." ECF No. 29 at 12. Plaintiff claims property room staff had led him to believe that he would be allowed to receive his keyboard and hard case when his "music permit" was issued. *Id.* at 12-13. Consequently, Plaintiff claims he missed a deadline to appeal the disposition of his property. ECF No. 29 at 12. Plaintiff does not allege that he attempted to appeal or that any appeal was actually dismissed as untimely.

Plaintiff contends that Officers informed him in late November 2015 that his "only" remedy was to file tort claim, which he did. ECF No. 29 at 13. Plaintiff complains that on December 28, 2015, Defendant J. Roberts informed Plaintiff in a letter that there was no basis to grant his tort claim, and Plaintiff would be given until January 7, 2016 to choose the disposition of his property. *Id.* at 14-15. Plaintiff complains this letter was not mailed until January 14, 2016, a week after the deadline he had been given to voluntarily dispose of his hard case. *Id.* at 15. Plaintiff does not state the ultimate disposition of his hard case.

Plaintiff speculates that between approximately September 29 and November 17, 2015, Defendant Sgt. Walker was informed of Plaintiff's past successful litigation in retaining his instrument and hard case. ECF No. 29 at 13. Plaintiff seems to infer that the continued confiscation of his hard case was an act of retaliation by Defendant Sgt. Walker.

He contends that between approximately November 17, 2015 and January 31, 2016, his mother contacted Defendant Carr, asking him to intervene. *Id.* at 14.

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 3

Plaintiff sates he was instructed to write to Defendant Carr, which he did. *Id.* He complains that he received no response. *Id.* He contends this breached an "oral and/or partial written past agreement" that Plaintiff would "be able to retain his keyboard and hard case at 'any' and/or 'all' WDOC institutions." *Id.* Plaintiff makes no assertion that he sought to enforce a settlement agreement in his Thurston County action.

Plaintiff speculates that Defendants Roberts, Walker, Carr, and Holbrook communicated between December 9, 2015, and January 15, 2016, regarding the disposition of Plaintiff's hard case. ECF No. 29 at 15. He states that after receiving Defendant Robert's letter regarding his tort claim, he went to the law library to conduct research. *Id.* He complains the Washington Practice, law books Plaintiff had relied upon to conduct previous litigation in state court, were not available. *Id.*

Plaintiff asserts that he notified Defendant Hall in writing on or about February 9, 2016, of the failure to provide volumes of the Washington Practice Law Treatise Series. ECF No. 29 at 15-16. Plaintiff contends this interfered with his ability to litigate, in a non-frivolous manner, a conditions-of-confinement claim (*i.e.*, tort, breach of contract, unlawful conversion and/or negligent conditions of confinement claims regarding the loss of his hard case). *Id.* at 16-17. Plaintiff asserts he presented his arguments to Defendant Holbrook as well. *Id.* He was told that no changes could be made at the local level. *Id.* at 18.

Plaintiff states that in May 2016, he complained to Defendants Herzog and Gonzalez about the deficiencies in the law library precipitated by the LEXIS NEXIS contract. ECF No. 29 at 18. Plaintiff contends the Washington Criminal Practice in Courts of Limited Jurisdiction provided by LEXIS NEXIS is neither comparable, nor an adequate substitute for Washington Practice, volumes 2-4B, 9-10A, 14-15, 15A, and 16-16A.

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 4

Plaintiff indicates that in June 2016, Defendants Herzog and Gonzalez acknowledged Plaintiff's concerns and advised him that they were "working to obtain the appropriate Washington Practice Series for 'all' WDPC law libraries." *Id.* at 18. Apparently, this had not been accomplished to Plaintiff's satisfaction when he submitted his initial complaint on October 3, 2016. ECF No. 1. He states that at the time he filed his Second Amended Complaint in November 2017, he did not have access to any of the volumes of the Washington Practice Treatise Series. ECF No. 29 at 18-19.

Prisoners have a First Amendment right of meaningful access to the courts, which requires state prisons "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). It does not require the provision of a particular series of law books. An inmate cannot make out a claim "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

Once again, Plaintiff has not stated the violation of a fundamental constitutional right. Rather, he asserts interference with his ability to file state court actions involving tort, breach of contract, unlawful conversion and/or negligent conditions-of-confinement claims regarding the loss of his hard case. ECF No. 29 at 16-17. None of these are fundamental constitutional rights.

To the extent Plaintiff is now arguing the deprivation of his property was authorized (*i.e.*, done pursuant to policy), rather than an unauthorized theft or a confiscation done in the absence of a policy, he has not shown a violation of due process. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (authorized deprivation of property pursuant to prison regulations is valid if it is reasonably related to legitimate penological interests); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 5

(unauthorized negligent or intentional deprivation of property does not violate due process if meaningful post-deprivation remedy is available).

Prison officials clearly have a substantial interest in limiting and monitoring the amount and type of personal property that an inmate may possess, especially in a high security facility. Due process is flexible, calling for the procedural protections each situation demands. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Here, Plaintiff admits he received notice of the property deprivation in October 2015, and he had the right to appeal. Assertions that he was "strung along" and did not exercise his right to appeal, does not alter the fact that notice was provided.

Plaintiff indicates he was "heard" in that he pursued a tort claim and made personal requests to the Superintendent. The fact his tort claim was unsuccessful (*i.e.*, he was again advised that policy prevented his possession of a hard case) and he was directed to dispose of the property, even if the response was received after the date on which he was to elect the disposition of his property, does not alter the fact that he had received notice and an opportunity to be heard. Although Plaintiff was to have directed the disposition of his property in January 2016, it appears the property was still available for disposition when he spoke with the Superintendent in April 2016. ECF No. 29 at 19.

To the extent Plaintiff is asserting the confiscation of his hard case was done in retaliation for his constitutionally protected rights, this would constitute an unauthorized deprivation. Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* WASH. REV. CODE § 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and WASH. REV. CODE § 4.92.090 (state liable for the tortuous conduct of state officials). Plaintiff need not be satisfied with the

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 6

remedy for it to be adequate. Plaintiff could seek redress in Washington state courts for his claim of lost property. Therefore, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *Hudson*, 468 U.S. at 534.

Contrary to Plaintiff's assertions, the Court cannot infer from the facts presented that Plaintiff was denied access to the courts causing actual injury to a non-frivolous constitutional claim. *Lewis*, 518 U.S. at 353-55. The United States Constitution does not extend to state property claims.

Plaintiff has alleged in prior pleadings that he is in possession the documents he previously filed in state courts which he can use as a template for another state court proceeding. He does not alleged that the time limit for bringing a claim in state court has expired.

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, ECF No. 18, **IT IS ORDERED** the Second Amended Complaint, both ECF No. 29 and 30, is **DISMISSED** for failure to state a claim upon which this Court can grant relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). In the absence of a federal constitutional claim, the Court declines Plaintiff's invitation to exercise supplemental jurisdiction over any state law claims.

This dismissal is without prejudice to Plaintiff pursuing a claim in state court, but may constitute a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 7

1 **IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and close the file. The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 9th day of December 2017.



Stanley A. Bastian
United States District Judge

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 8